Argued December 19, 1972, affirmed January 19, petition for
rehearing denied February 15, petition for review
denied April 10, 1973

STATE OF OREGON, *Respondent, v.* RONALD
ALLEN WING (No. C-72-03-1050), *Appellant.*

505 P2d 359

*John K. Hoover,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the
brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued
the cause for respondent. With him on the brief was
Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and
Foley, Judges.

LANGTRY, J.

Defendant appeals from conviction of forgery in the first degree. ORS 165.013. The substance of the charge is that the defendant passed a United States Treasury note for $1 which had been altered to make it appear to be a $10 note. This was done by removal of the corners upon which the designation of the $1 value was printed, substituting therefor corners from $10 bills. Errors assigned are (1) that the court should have on its own motion directed a verdict of acquittal for lack of evidence of intent and (2) that evidence concerning defendant's having cashed a $10 bill with one of its corners removed which matched one of the corners of the forged note should not have been received.

(1). No motion for acquittal was made at the conclusion of the state's case. The defendant did not take the stand and offered no defense. He contends that under our Rule 5.40 we should review the evidence in spite of his failure to move for a judgment of acquittal and that we should reverse because there was a lack of evidence of intent to commit the crime. Our review of the record indicates this contention has no merit.

(2). The evidence to which objection was made and which is the subject of the second assignment was that on the same day that the forged instrument was passed by defendant at Woolworth's store in the Portland Lloyd Shopping Center a doughnut shop in the same center had received in its incoming currency from customers a $10 bill which had one corner removed. Laboratory investigation established that the removed corner was identical to one on the $1 altered note. A clerk at the doughnut shop identified defend-

ant as "looking like" a person who had made a purchase of a "coke" from her on that day at the doughnut shop and that he had given in payment a $5 or $10 bill and received change. A United States Secret Service agent testified that, after defendant's apprehension for having passed the altered $1 note, he advised the defendant of his rights and asked him about his activities on the day in question. The defendant after having indicated his understanding of his rights and willingness to talk, among other things stated that he had purchased a "coke" at the doughnut shop, and had paid with a $5 or $10 bill. Obviously, it was this information from defendant which led to the investigation at the doughnut shop, which turned up the testimony from the waitress and the $10 note in the shop's cash receipts.

The thrust of defendant's argument about this evidence appears to be that the evidence was not relevant or that if it was relevant it was so prejudicial that it should not have been received. In his brief he states: "* * * Somehow the jury was supposed to infer the defendant passed the mutilated currency at the donut shop * * *." Consideration of the evidence which we have summarized makes it difficult for us to understand how the jury could have inferred anything other than that the defendant passed the mutilated currency at the doughnut shop. The evidence was relevant as circumstantial proof of the element of intent at the least and it was damaging, but competent.

Affirmed.